**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **COMMONSPIRIT HEALTH, a** | ) | |
| **Colorado corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00460** |
| | ) | **Judge Aleta A. Trauger** |
| **HEALTHTRUST PURCHASING** | ) | |
| **GROUP, L.P., a Delaware limited** | ) | |
| **partnership; and HPG ENTERPRISES,** | ) | |
| **LLC, a Tennessee limited liability** | ) | |
| **company,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff CommonSpirit Health ("CommonSpirit"), formerly known as Catholic Health Initiatives ("CHI") (Compl., Doc. No. 1 ¶ 1), filed suit in this court on June 10, 2021. The plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, on the basis of complete diversity of citizenship among the parties and the requisite amount in controversy. The court, however, is not satisfied that diversity of citizenship has been established.

"[F]ederal courts are courts of limited jurisdiction with only such jurisdiction as is defined by the Constitution and granted by Congress." *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Moreover, "jurisdiction is not the kind of thing that can be waived or forfeited." *Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019) (citation omitted). Federal

courts, therefore, have "an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and . . . must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (quoting *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).

Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). Therefore, if any defendant is a citizen of the same state as the plaintiff, "then complete diversity, and with it federal jurisdiction, would be destroyed." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

CommonSpirit, a Colorado nonprofit corporation (Doc. No. 1 ¶ 1), names as defendants HealthTrust Purchasing Group, L.P. ("HealthTrust"), and HPG Enterprises, LLC ("HPG"). It alleges that HealthTrust is a Delaware limited partnership with its principal place of business in Brentwood, Tennessee and that HPG is a Tennessee limited liability company with its principal place of business in Nashville. (*Id.* ¶¶ 2, 3.) However, for the purposes of diversity jurisdiction, both limited partnerships and limited liability companies have the citizenship of *each* of their members. *See, e.g.*, *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("A limited partnership is a citizen of each state in which its general and limited partners, including general and limited partners who are partners of other partners in [a] multi-tiered structure, hold citizenship." (citation omitted)); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members.").

When, as here, diversity jurisdiction is invoked in a case in which a limited liability company or a limited partnership is a party, the court needs to know—and the party asserting diversity jurisdiction must allege—the citizenship of each member of the company or partnership. And because a member of either of these entities "may itself have multiple members—and thus

may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. If even one of the defendants' members or limited partners is a citizen of Colorado, then there will not be complete diversity of citizenship, for jurisdictional purposes. *Id.*

The failure of the plaintiff to properly allege the citizenship of the defendants—coupled with the defendants' failure to raise the issue—is striking in light of the fact that the Third Amended and Restated Limited Partnership Agreement is attached to the Complaint, and that agreement appears to establish that CHI, a "Colorado not-for-profit entity," is one of the limited partners of defendant HealthTrust. (Doc. No. 1-2, at 5.) Although plaintiff CommonSpirit, having allegedly been formed in February 2019 "through the alignment" of CHI and Dignity Health, is not identified as one of HealthTrust's limited partners, it too is a Colorado corporation. (Doc. No. 1 ¶ 1.) The information now before the court, in other words, strongly suggests that the plaintiff and CHI, one of defendant HealthTrust's limited partners, are citizens of the same state, thus destroying diversity jurisdiction.

Accordingly, on or before **Friday, February 25, 2022**, the plaintiff must **SHOW CAUSE** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge