## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **COMMONSPIRIT HEALTH, a** | ) | |
| **Colorado corporation,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00460** |
| | ) | **Judge Aleta A. Trauger** |
| **HEALTHTRUST PURCHASING** | ) | |
| **GROUP, L.P., a Delaware limited** | ) | |
| **partnership; and HPG ENTERPRISES,** | ) | |
| **LLC, a Tennessee limited liability** | ) | |
| **company,** | ) | |
| | ) | |
|    **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court is the Motion to Strike Plaintiff's Jury Demand, filed by defendants HealthTrust Purchasing Group, L.P. ("HealthTrust") and HPG Enterprises, LLC ("HPG"). (Doc. No. 33.) For the reasons set forth herein, the motion will be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUN

Plaintiff CommonSpirit Health ("CommonSpirit"), formerly known as Catholic Health Initiatives ("CHI"), has filed suit in this court against HealthTrust and HPG, asserting a claim against HealthTrust only for breach of the January 1, 2016 Participation Agreement ("First Claim for Relief") and claims against both defendants for breach of the January 1, 2016 Partnership Agreement ("Second Claim for Relief"), breach of fiduciary duty ("Third Claim for Relief"), and conversion ("Fourth Claim for Relief"). (Doc. No. 1, at 7–11.) In its Fifth and Sixth Claims for Relief, the plaintiff seeks judicial declarations that the defendants breached the two contracts at issue here. (*Id.* at 11–12.) The Complaint concludes with an express demand for a jury trial. (*Id.* at 13.)

On the same date that they filed their Answer and Counterclaims, the defendants filed their Motion to Strike and supporting Memorandum of Law (Doc. Nos. 33, 34), arguing that the Participation Agreement that is the subject of the plaintiff's claims contains a "broad, express jury trial waiver for all claims directly or indirectly arising out of or related to that Agreement," as a result of which the plaintiff is clearly not entitled to a jury to try its claim for breach of the Participation Agreement. (Doc. No. 34, at 2.) In addition, the defendants argue that, because all of the other claims "directly or indirectly aris[e] out of or relat[e] to" the Participation Agreement, or transactions contemplated by it, the jury waiver applies to those claims as well. (*Id.* at 6.)

The plaintiff responds by conceding that the "Participation Agreement[,] to which defendant HealthTrust is a party, contains language that specifically addresses the parties' right to demand a trial by jury." (Doc. No. 52, at 3.) It argues, however, that the Partnership Agreement (to which HealthTrust is not a party) contains no such language; that the plaintiff has not waived its right to a trial by jury as to any claim against HPG or arising from the Partnership Agreement; and that, "to the extent there is any doubt as to whether Plaintiff has waived this fundamental right as to defendant HealthTrust and the Participation Agreement, this Court should resolve any waiver in favor of preserving CommonSpirit's Constitutional right to a trial by jury." (*Id.*)

In their Reply, the defendants counter that there can be no doubt that the jury waiver applies to the First Claim for Relief (for breach of the Participation Agreement), the Fourth Claim for Relief (the conversion claim, which, the defendant argues, relates to payments due under the Participation Agreement), and the claims for judicial declarations (which, they argue, must be tried to the court).[1] They contend that the Second and Third Claims for Relief must also be tried to the

---

[1] The defendants offer no legal support for their bald assertion that claims seeking declaratory relief "must be tried to the Court." (*See* Doc. No. 55, at 1.) The court does not endorse this pronouncement but has no need to reach the issue.

court, given the "expansive language of the Participation Agreement's jury trial waiver." (Doc. No. 55, at 1.)

## II. LEGAL STANDARDS

Rule 39 of the Federal Rules of Civil Procedure ("FRCP") provides that "the trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2).[2] The right to a jury trial is governed by federal law, and, under federal law, parties to a contract may waive the right to a jury by prior written agreement. *K.M.C. Co. v. Irving Tr. Co.*, 757 F.2d 752, 755 (6th Cir. 1985). However, because it is constitutionally protected, the right to jury trial may "only be waived if done knowingly, voluntarily and intentionally." *Id.* The party seeking to avoid an express contractual jury trial waiver has "the burden of demonstrating that its consent to the provision[] was not knowing and voluntary." *Id.* at 758.

When a valid waiver is in effect, it must be "strictly construed" in light of the "presumption against denying a jury trial based on waiver." *Corso Enters., Inc. v. Shop at Home Network, Inc.*, No. 3:04-0260, 2004 WL 7082309, at *6 (M.D. Tenn. Sept. 27, 2004) (Wiseman, S.J.) (citing *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002)).

## III. DISCUSSION

To address the easy questions first, it is clear that the plaintiff is not entitled to a jury to

---

[2] The defendant asserts that a motion to strike a jury demand is "properly brought" under Rule 12(f). (Doc. No. 34, at 3 (citing *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1055 (W.D. Tenn. 2011)).) This court does not construe Rule 12(f) as having any relevance to jury demands. That rule authorizes the court to strike insufficient defenses and any "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Even if the right to a jury has been contractually waived, a jury demand would rarely, if ever, fall into one of those categories. Regardless, because Rule 39 clearly gives the court the requisite authority to consider the defendant's motion, the court has no need to consider whether the motion also fits under Rule 12(f).

hear its First and Fifth Claims for Relief. As to the first claim, for breach of the Participation Agreement, that agreement contains the following jury waiver:

> EACH [PARTY TO THE AGREEMENT] IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT WHICH SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT.

(Doc. No. 1-1, Participation Agreement ¶ 19 (capitalization in original).) The only two parties to the Participation Agreement are the plaintiff and HealthTrust, and the only defendant against which relief is sought for breach of this agreement is HealthTrust. The plaintiff has not even attempted to show that it did not knowingly and voluntarily agree to the jury waiver, as a result of which it has not carried its burden of showing that the waiver should be set aside.

In its Fifth Claim for Relief, the plaintiff seeks a declaration that HealthTrust is "violating the Participation Agreement by not making the rebate and distribution payments to Plaintiff," as required by that agreement. This claim unambiguously arises directly out of and relates to the Participation Agreement, as a result of which the jury waiver applies to this claim as well.

The claims asserted against both defendants that do not wholly relate only to the Participation Agreement pose a more difficult problem. The Second Claim for Relief, asserted against both defendants, is for breach of the Partnership Agreement. Defendant HealthTrust is the limited partnership formed by the Partnership Agreement, under Delaware law. (*See* Doc. No. 1 ¶ 16; Doc. No. 1-2, Partnership Agreement § 2.1.) Defendant HPG is HealthTrust's general partner.[3] (Doc. No. 1 ¶ 15; Partnership Agreement § 1.1, at 3.) The parties to the Partnership Agreement are

---

[3] Under Tennessee law, a partner may bring a claim to enforce its rights under a partnership agreement or to "otherwise protect [its] interest against the partnership itself or other partners. Tenn. Code Ann. § 61-1-405(b)(1), (b)(3).

HPG, CHI, and the other limited partners. (Partnership Agreement § 2.2 and Ex. A.) The stated purpose of the Partnership is "to own, manage, develop and operate one or more Group Purchasing Organizations relating to purchasing goods [and] supplies . . . used by Healthcare Providers and non-Healthcare Providers as the General Partner deems reasonably necessary." (Partnership Agreement § 2.4.)

The Partnership Agreement does not contain a jury waiver provision. The defendants nonetheless argue that the waiver in the Participation Agreement applies to all of the claims asserted in this case, because they all "directly or indirectly aris[e] out of or relat[e] to [the Participation] Agreement, or the transactions contemplated by this [Participation] Agreement." (Doc. No. 34, at 6 (quoting Participation Agreement ¶ 19).)

The court agrees. First, it is clear that both agreements cross-reference the other and are entirely interdependent. Paragraph 4.10 of the Participation Agreement specifically requires that, "[i]n accordance with the Partnership Agreement, Participant [CHI] shall retain its 5.166% limited partnership interest in HealthTrust" (Participation Agreement ¶ 4.10), and the Partnership Agreement provides that any limited partner's interest in the Partnership "shall be automatically terminated upon the occurrence of a termination of the Participation Agreement" of that partner. (Partnership Agreement § 7.10.) The Participation Agreement provides for the payment of various "GPO Fees" as well as for purchasing rebates (*see* Participation Agreement ¶¶ 4.7, 6.2), while the Partnership Agreement also states that GPO Fees "received by the Partnership" are to be allocated to the limited partners, including CHI, "based on the percentage of such . . . fees set forth in [each partner's] respective Participation Agreement" (Partnership Agreement § 6.3(b)) and based on the partners' partnership interests (*id.* § 6.3(e)). The Partnership Agreement specifies that the rebates received by the Partnership from vendors "shall be allocated by the Partnership to the Participants

earning the Rebates through purchases under the Vendor Contracts, as required by the Participation Agreements" and "treated as earned by the Participants and not earned by the Partnership." (Partnership Agreement ¶ 6.3(g).) Both the Participation Agreement and the Partnership Agreement require distribution of the "GPO Fees" to CHI, as a "participant" in the Participation Agreement and as a "Partner" in the Partnership, not less frequently than on a monthly basis. (Participation Agreement ¶ 4.7; Partnership Agreement § 6.6.)

Second, the Complaint itself acknowledges that the same conduct that the plaintiff characterizes as in breach of the Participation Agreement also constitutes a breach of the Partnership Agreement. For instance, under the First Claim for Relief, addressed to breach of the Participation Agreement, the plaintiff alleges that "Defendants," collectively, "materially breached the Participation Agreement and the Partnership Agreement by failing to make these dividend payments to CommonSpirit" as required by both the Participation Agreement and the Partnership Agreement. (Doc. No. 1 ¶ 44 (c).) The plaintiff further alleges that, "due to the structure of the Participation Agreement between CHI and HPG, CHI was entitled to receive (i) dividends and rebate payments based upon GPO fees received by HPG from vendors in connection with CHI's purchases and (ii) administrative fee payments" and that, "[p]ursuant to the Partnership Agreement, HPG was also obligated to make dividend payments to CHI." (Doc. No. 1 ¶¶ 34, 35.) It then alleges that both of the defendants "have refused and continue to refuse to give Plaintiff (i) the contractually agreed upon administrative fees since in and around January 2020, (ii) the contractually agreed upon dividend payments since in and around September 2019, and (iii) any information as to such amounts due and owing that Defendants are required to provide to Plaintiff." (Doc. No. 1 ¶ 39.)

Similarly, under the Second Claim for Relief, for breach of the Partnership Agreement, the plaintiff asserts:

> Referring to the Participation Agreement, the Partnership Agreement provided that the rebates that HealthTrust received through purchases under the GPO's vendor contracts should be treated as earned by the participants, not by HealthTrust. The rebates were therefore the property of CHI. CommonSpirit is informed and believes that since in and around January of 2020, Defendants materially breached the Partnership Agreement by, among other things, failing to make these rebate payments to CommonSpirit.

(*Id.* ¶ 53.) But the plaintiff also alleges that it was entitled to payment of the same rebates under the Participation Agreement. (*See id.* ¶ 12 ("Pursuant to Section 6.2 of the Participation Agreement, CHI . . . received monthly rebate payments from HealthTrust.").) In other words, the plaintiff's own allegations appear to establish that breach of one contract constitutes breach of both, and the plaintiff attributes the breaches to both parties.

District courts within the Sixth Circuit have generally concluded that, when claims "relate[] to the contract, and also arise[] out of the contract" containing a jury waiver, the jury waiver applies to such claims. *SBAV LP v. Porter Bancorp, Inc.*, No. 3:13-CV-710, 2014 WL 1922874, at *2–3 (W.D. Ky. May 14, 2014) (citing *Integra Bank Nat'l Ass'n v. Rice*, 2011 WL 2437789 (W.D. Ky. June 14, 2011); *Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp. 982, 983 (W.D. Tenn. 1999)). Here, the plaintiff's claims against both defendants for breach of both contracts are so intertwined that it is difficult to imagine parsing them into separate claims. The plaintiff would not have entered into the Partnership Agreement but for the Participation Agreement. But for its status as a partner in HealthTrust, as a group purchasing organization, pursuant to the Partnership Agreement, it would not have been entitled to participate in the Participation Agreement. Likewise, but for its status as a participant in the group purchasing organization pursuant to the Participation Agreement, it would not have been entitled to maintain its status as a limited partner of HealthTrust under the Partnership Agreement. The termination of

the Participation Agreement entailed the automatic termination of the Partnership Agreement as well. HPG, as HealthTrust's general partner, executed the Participation Agreement on behalf of HealthTrust. (*See* Participation Agreement at 32.)

The court finds, under these circumstances, that the plaintiff's act of entering into the Third Amended and Restated Partnership Agreement constitutes a "transaction" expressly contemplated by the Participation Agreement (*see* Participation Agreement ¶ 4.10) and that the claim for breach of the Partnership Agreement arises, at least indirectly, "out of or relating to [the Participation Agreement], or the transactions contemplated by [the Participation Agreement]" (*id.* ¶ 19). Consequently, the jury waiver applies to the plaintiff's claims against HPG and HealthTrust for breach of the Partnership Agreement. *Accord Fort Henry Mall Owner, LLC v. U.S. Bank N.A.*, No. 2:11-CV-287, 2012 WL 523657, at *4 (E.D. Tenn. Feb. 15, 2012) (enforcing a jury waiver applying to loan dispute against two non-parties, where the parties were essentially the agents of the defendant who did sign the jury waiver, and all claims arose out of the same loan dispute).

In addition, where "tort claims arise out of and relate to the contract" containing the jury waiver, the jury waiver clause applies to those claims as well. *SBAV LP*, 2014 WL 1922874, at *2. Here, the plaintiff's Third Claim for Relief is for breach of fiduciary duty against both defendants for "refusing to turn over Plaintiff's property to [it], including [its] distribution and rebate payments." (Doc. No. 1 ¶ 61.) The Fourth Claim for Relief is for "conversion" by both defendants of the "specific rebate and distribution payments" that the plaintiff claims it is owed under the Participation and Partnership Agreements. (Doc. No. 1 ¶ 65.) In other words, both the breach of fiduciary duty and conversion claims are premised upon precisely the same conduct that the plaintiff claims constitutes breach of both agreements. They are subject to the jury waiver as well.

Finally, the Sixth Claim for Relief seeks a judicial declaration that the defendants violated

the Partnership Agreement by "wrongfully . . . refus[ing] to pay Plaintiff CommonSpirit the rebate, administrative fee, and dividend payments to which it is entitled." (Doc. No. 1 ¶ 75.) As noted above, the failure to submit all of these payments is also alleged to constitute a breach of the Participation Agreement. (Doc. No. 1 ¶ 37 ("Pursuant to Section 6.2 of the Participation Agreement, Defendant [HealthTrust] agreed to pay CommonSpirit rebates based on the purchases of products and services from HealthTrust's vendors"); *see id.* § 44(b) (relating to HealthTrust's obligation to pay the plaintiff GPO fees and administrative fees) and 44(c) ("Defendants materially breached the Participation Agreement and the Partnership Agreement by failing to make these dividend payments to CommonSpirit.).) This claim, too, "directly or indirectly aris[es] out of or relat[es] to" the Participation Agreement and is subject to the jury waiver.

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the defendants' Motion to Strike Jury Demand, which the court construes as a motion under Rule 39(a)(2) for a finding that the plaintiff has no right to a jury trial, is **GRANTED**. The court finds that the jury waiver contained in the Participation Agreement is a valid waiver of the plaintiff's right to a jury trial and that the waiver applies to all claims set forth in this lawsuit by either party.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge