# Exhibit 1
# To HealthTrust's Position

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **COMMONSPIRIT HEALTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:21-cv-00460** |
| **HEALTHTRUST PURCHASING** | ) | **District Judge Trauger** |
| **GROUP, L.P., and** | ) | |
| **HPG ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF COMMONSPIRIT HEALTH'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS HEALTHTRUST PURCHASING GROUP, L.P. AND HPG ENTERPRISES, LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Plaintiff CommonSpirit Health ("CommonSpirit" or "Plaintiff"), by and through its counsel, and pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court responds and objects to Defendant HealthTrust Enterprises Group L.P.'s ("Defendant") First Sets of Interrogatories, Requests for Production, and Request for Admissions as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Defendants' requests for documents and request for admissions, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to,

109332419.1

competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3       Plaintiff will produce responsive documents only to the extent that such documents are in its possession, custody, or control, as set forth in the Federal Rules of Civil Procedure, for a time period not to exceed January 1, 2019 through December 31, 2020. If Plaintiff's response references a shorter time period, it will be stated in the response.

4.       A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5.       Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.       Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.       To the extent any of Defendants' Requests or its Interrogatories seek documents or answers that include expert material, Plaintiff objects to any such Requests and Interrogatories as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

2.  By producing documents or materials, Plaintiff is not waiving any right to object to the relevance or admissibility of the documents or information produced in response to these Requests and Interrogatories for any purpose in this action or any other action, or the right to object to other discovery requests or undertakings involving or relating to the subject matter of the discovery requests herein.

3.  Any response or objection or agreement to provide information/documents in response to a Request or Interrogatory is not an acknowledgment or concession that the information sought exists or is in Plaintiff's possession, custody or control. A statement that Plaintiff will produce documents does not mean that such documents actually exist; Plaintiff will simply look for responsive documents and, subject to the objections asserted, will produce such documents if they are discovered.  Plaintiff's Responses are based upon (i) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information; and (ii) inquiries of Plaintiff's former or current employees and/or representatives who could reasonably be expected to possess responsive information.

4.  By making the accompanying responses and objections to the Requests and Interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to competency, relevancy, materiality, and privilege. Plaintiff makes the responses and objections herein without in any way implying that it considers the Requests and Interrogatories to be relevant or material to the subject matter of this action.

5.  Plaintiff objects to Defendants' Requests and Interrogatories to the extent they seek documents and/or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or protection from disclosure.

6.  To the extent Defendants' Request for Production seek all documents, Plaintiff objects to such Request as overly broad and unduly burdensome.  Plaintiff will undertake a

reasonable search for responsive documents within its possession, custody and control, using search terms previously agreed to among the parties.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Plaintiff objects to the definition of "Plaintiff," "Your," and/or "You" on the grounds that they are overbroad, vague, and ambiguous, to the extent they purport to include all past and present parent entities, subsidiaries, predecessors, joint ventures, officers, directors, managers, principals, agents, representatives, contractors, and employees thereof. Plaintiff further objects to this definition on the grounds that the terms any "attorney… acting on their behalf," "agents," and "representatives" call for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

## OBJECTIONS AND RESPONSES TO REQUESTS AND INTERROGATORIES
## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all of Your Facilities subject to the Participation Agreement between You and HealthTrust.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff incorporates each of its general objections by reference.  Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and is vague and ambiguous, particularly as to time.  Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1).  Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine.  Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody

or control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants. Plaintiff is unable to respond to this Interrogatory as it is drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and is vague and ambiguous. Plaintiff withdraws its other objections as to this Interrogatory only Subject to and without waiving the foregoing objections, and responding with regard to CHI facilities only, Plaintiff refers Defendants pursuant to Federal Rule of Civil Procedure 33(d) to documents bates numbered CS0001240 – CS0001248; CS0001574-CS0001575; CS0001612; CS0001733; CS0001735-CS0001747.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 2:**

For each Facility, identify all group purchasing organizations with which that Facility was associated in each month of 2019 and 2020.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and is vague and ambiguous, particularly as to time with regard to the definition of "Facility." Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is

unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants. Plaintiff is unable to respond to this Interrogatory as it is drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and is vague and ambiguous. Plaintiff withdraws its other objections as to this Interrogatory only

Subject to and without waiving the foregoing objections, and responding with regard to CHI facilities only, Plaintiff responds as follows: HealthTrust was the sole group purchasing organization for all of CommonSpirit's legacy CHI facilities for all months in 2019 and from January 1, 2020 – March 31, 2020. Due to HealthTrust's March 13, 2020 termination notice to CommonSpirit abruptly terminating the Participation Agreement and Partnership Agreement effective March 31, 2020, all of CommonSpirit's legacy CHI facilities began using Premier from April 1, 2020 through December 31, 2020.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 3:**

Identify all group purchasing organizations (or other similar agreement or arrangement) with which You or any of Your Facilities utilized, participated in, or maintained membership, and include the date(s) of such utilization, participation, or membership.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and is vague and ambiguous, particularly as to time with regard to the definition of "Facility." Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of

the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants. Plaintiff is unable to respond to this Interrogatory as it is drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, vague and ambiguous, particularly as to the term "or other similar agreement or arrangement," and compound. Plaintiff withdraws its other objections as to this Interrogatory only

Subject to and without waiving the foregoing objections, and responding with regard to CHI facilities only, Plaintiff responds as follows and as Plaintiff reasonably understands this Interrogatory: HealthTrust was the sole group purchasing organization for all of CommonSpirit's legacy CHI facilities for all months in 2019 and from January 1, 2020 – March 31, 2020. Due to HealthTrust's March 13, 2020 termination notice to CommonSpirit abruptly terminating the Participation Agreement and Partnership Agreement effective March 31, 2020, all of CommonSpirit's legacy CHI facilities began using Premier from April 1, 2020 through December 31, 2020.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## INTERROGATORY NO. 4:

Identify the Products and Services You and Your Facilities purchased, both in the aggregate and pursuant to the HPG Vendor Contracts.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and is vague and ambiguous, particularly as to time and with regard to the definition of "Facility." Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that the following are examples of categories of products and services purchased by Catholic Health Initiatives:

Environmental Services

Surgery

Nursing

Facility Operations

Laboratory

Cardiovascular

Food Services

Pharmacy

Radiology

Respiratory

Medical Records

Advanced Wound Care

Administration

Endoscopy

NICU Nursery Peds

Supply Chain

Information Services

Materiel Management

Housekeeping

CVOR

Orthopedic

Human Resources

Engineering

Oncology

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

During meet and confer discussions, Defendants' counsel admitted that this Interrogatory did not seek a list of every single product and service purchased as a list of all purchases of even a single product, e.g. surgical gloves, across all of CommonSpirit's legacy CHI facilities, would be clearly objectionable, including overbroad and burdensome. While Defendants clarified that that was not what was being sought in Interrogatory No. 4, Defendants' counsel declined to specify what information was being sought in Interrogatory No. 4. CommonSpirit therefore objects that this Interrogatory is overbroad, unlimited in time or scope, vague and ambiguous, and unrelated to any party's claims or defenses. Plaintiff withdraws its other objections as to this Interrogatory only. Plaintiff supplements its original Response based on its reasonable interpretation of Interrogatory No. 4 and refers, pursuant to Federal Rule of Civil Procedure 33(d), to documents bates numbered CS0001240 – CS0001248; CS0001574-CS0001575; CS0001612; CS0001733; CS0001735-CS0001747.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 5:**

Identify the specific date on which You contend that You no longer had access to the HealthTrust Website.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous, particularly as to Defendants' meaning of the phrase "access to the HealthTrust Website." Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. Plaintiff further objects to this Interrogatory as it is improperly compound.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Plaintiff's HealthTrust account through which Plaintiff accessed HealthTrust's website, had been disabled by March 3, 2020 and Plaintiff's access had therefore been cut-off by that date.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous, particularly as to Defendants' meaning of the phrase "access to the

HealthTrust Website." Plaintiff withdraws its other objections as to this Interrogatory only. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff's HealthTrust account through which Plaintiff accessed HealthTrust's website, had been disabled by March 3, 2020 and Plaintiff's access had therefore been cut-off by that date.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 6:**

Identify the actions You were unable to take or functions You could not utilize without access to the HealthTrust Website.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous, particularly as to Defendants' meaning of the phrase "access to the HealthTrust Website." . Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information.

Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "HealthTrust Website" as it refers to Plaintiff's agreement "(i) to periodically (at least annually) check such website to obtain a copy of this updated list of HealthTrust Vendor Contracts; and (ii) to comply with all terms and conditions of access and use of the HealthTrust Website, as

provided on such HealthTrust Website," in Section 4.1 of the Participation Agreement, and therefore, seeks information that is equally available to Defendants.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Interrogatory: HealthTrust's act of cutting off Plaintiff's access to the HealthTrust Website prevented or compromised Plaintiff's ability to perform numerous business operations including but not limited to: Plaintiff's ability to allocate rebates out to the markets, Plaintiff's ability to tie back rebates to the correct time periods to ensure value capture, and Plaintiff's ability to track back administrative fees.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 7:**

Identify all of Your employees, consultants, or agents involved in the transition from HealthTrust to another GPO.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad particularly regarding the term "Your," is unlimited in time or scope, and is vague and ambiguous, particularly as to time and regarding the term "involved in the transition." Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody or

control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties, including attorneys. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Interrogatory: Employees who had involvement in some form with the transition from HealthTrust include Kathryn Carpenter, Cathie McBride-Hilzer, John Frye, Shireen Ahmad, Kelley Moore, Daniel DeLay. Doina Dragomir of Dignity Health. The foregoing list is not exhaustive and depends on Plaintiff clarifying what is meant by "involved in the transition."

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:</u>**

Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous, particularly as to the phrase "involved in the transition." Plaintiff withdraws its other objections as to this Interrogatory only. Subject to and without waiving the foregoing objections, Plaintiff responds as follows as Plaintiff reasonably understands the Interrogatory to refer to key employees and consultants involved in the transition of CHI to Premier: Kathryn Carpenter, VP Sourcing, Contracting, Clinical Strategy and Implementation; Cathie McBride-Hilzer, System Director, Contract Administration Management (SSRM); John

Frye, Vice President Supply Chain Enterprises; Shireen Ahmad, System Director Finance – GPO and Affiliate Business; Kelley Moore, System Vice President, IT Contracting and Procurement; Daniel DeLay, Senior Vice President Supplies & Services Resource Management; Sabriya Karim, McKinsey & Co.; Doina Dragomir.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 8:**

Identify all persons with whom or which You had communications relating to the transition from HealthTrust to another GPO.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad particularly regarding the term "Your," is unlimited in time or scope, and is vague and ambiguous, particularly as to time and regarding the term "relating to the transition." Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties, including attorneys. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. The

Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Interrogatory: Third parties with whom Plaintiff had communications regarding the transition from HealthTrust include Edward Jones, Rob Arreola, David Klatsky, Susan DeVore, representative(s) from Boston Scientific, Teleflex/Arrow, Staples, Medline, Hologic, Abbott, Fisher Paykel, 3M, Siemens, Karl Stortz, Cook Medical, Penumbra, Avanos, Bayer, Steris, Applied Medical, Cardinal Lab, Canon, MTF, Ortho Clinical Diagnostics, Edwards, PetNet, Smith & Nephew, Hillrom/Welch Allyn, Stericycle, Masquet/Getinge, Abbott Lab, LifeNet, Philips Healthcare, Stryker, Fisher Scientific, CareStream, Cepheid, Smiths Medical, Cardinal, Cardinal RadioPharma, Biofire, J&J/Ethicon, Medtronic/Covidien, Beckman, ICU Medical, BD/Bard/Carefusion, Bracco, Terumo, Sysmex.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects that this Interrogatory is overbroad particularly regarding the term "Your," is unlimited in time or scope, and is vague and ambiguous, particularly as to time and regarding the term "relating to the transition." Plaintiff withdraws its other objections as to this Interrogatory only. Subject to and without waiving the foregoing objections, Plaintiff responds as follows as Plaintiff reasonably understands the Interrogatory:

| | |
|---|---|
| Hillrom/Welch Allyn. | Rick Holmes, Steve Henderson, Katie Roush |
| Stericycle. | Enrico Vona, Stacy Ford |

| | |
|---|---|
| Maquet/Getinge. | Barry Klegerman, Mike Smith |
| Abbott Lab. | James Meyer |
| LifeNet. | Terry Allen |
| Philips Healthcare. | Ron Sciepko, Matt Magner |
| Stryker. | Ed Harris |
| Fisher Scientific. | Steve Luke |
| CareStream. | Mark Dischinger, Jeff Locklar and Kendall Ryerson |
| Cepheid. | Edward Hochwalt |
| Smiths Medical. | Juliette Larson, Jeff McCann |
| Cardinal. | Diane Kelly, Stephen Long |
| Cardinal RadioPharma. | Mary Svadlenka and Jason Grill |
| Biofire. | Ramine Mirdamadi |
| J&J/Ethicon. | Tim Hinuebe |
| Medtronic/Covidien. | Adam Hafez |
| Beckman. | Cathy Fragistakos |
| ICU Medical. | Mark Jorgensen |
| BD/Bard/Carefusion. | Eric Stoney |
| Bracco. | Christine Martin, Denise Bentley and Randy Thrash |
| Terumo. | Michael Johnson |
| Sysmex. | Greg Anderson, Michael Mesner |

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 9:**

Explain the relationship between and among CommonSpirit, Catholic Health Initiatives, and Dignity Health referenced in Paragraph 1 of the Complaint and identify any Documents establishing this relationship, including the effective date of this relationship.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous. Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires information and the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information that is not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of another defendant, or any third party or entity. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties, including attorneys. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Interrogatory as it is improperly compound.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Interrogatory: Catholic Health Initiatives and Dignity Health underwent a ministry alignment on February 1, 2019 at which point Catholic Health Initiatives changed its name to CommonSpirit Health.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent it requires information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory is overbroad and compound, counting as at least two interrogatories.

Subject to and without waiving the foregoing objections Dignity Health became a subsidiary of CHI after which CHI changed its name to CommonSpirit Health. CommonSpirit is the corporate parent to all CommonSpirit entities.

**INTERROGATORY NO. 10:**

Explain why CommonSpirit requested that Section 7.3 of the Participation Agreement be amended to read "Participant shall have the right to terminate this Agreement in its entirety … For convenience at any time upon sixty (60) calendar days' prior written notice to HPG."

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous. Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set

forth in the Federal Rules. Plaintiff further objects to this Interrogatory as it is improperly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory is vague and ambiguous as to the communication it purports to be referring to. Plaintiff further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff withdraws its other objections as to this Interrogatory only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows as Plaintiff reasonably understands the Interrogatory: CommonSpirit did not "request[] that Section 7.3 of the Participation Agreement be amended." CommonSpirit extended a proposal to amend the Participation Agreement, a proposal that defendant HealthTrust Purchasing Group, L.P. could accept or not at the time, and also discuss further at some future time. HealthTrust's President and CEO Edward Jones confirmed this understanding in his June 14, 2019 letter to CommonSpirit in which Mr. Jones states that HealthTrust is: "pleased to accept your invitation to participate in the GPO RFP Process" but does not agree to modify the Participation Agreement "at this time."

**INTERROGATORY NO. 11:**

Identify the specific dividend payments referenced in Paragraph 52 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous. Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Paragraph 52 of the Complaint refers to the non-partner business products GPO fees identified in Section 6.3(e)(ii) of the Third Amended and Restated Limited Partnership Agreement between Defendant and Plaintiff's predecessor, CHI. The dividend payments referenced in Paragraph 52 of the Complaint are the payments of the fees identified in the Partnership Agreement as set forth *supra*, which remain due and owing to Plaintiff.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as seeking information in the possession of Defendants, and further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to

this Interrogatory to the extent it prematurely seeks information that is the subject of expert

discovery. Plaintiff withdraws its other objections as to this Interrogatory only. Plaintiff

supplements its response with the information of which it is currently aware. Additional

amounts may be due and owing to Plaintiff however such information is in the possession of

Defendants.

October 2019: $452,213.00

November 2019: $722,459.00

December 2019: $1,339,576.00

January 2020: March 2020 $1,204,436.00

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise

its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted

in light of ongoing discovery and litigation.

**INTERROGATORY NO. 12:**

Identify the specific rebate payments referenced in Paragraph 53 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this

Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous. Plaintiff

further objects to this Interrogatory because it seeks information that is not proportional to the

needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to

the extent it requires the production and description of documents protected by the attorney-

client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it requests

confidential and proprietary information. The Interrogatory is unduly burdensome, not

proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Interrogatory: Paragraph 53 of the Complaint refers to the rebates that HealthTrust received through purchases under the GPO's vendor contracts, as identified in the Partnership and Participation Agreements, which remain due and owing to Plaintiff.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects to this Interrogatory as seeking information in the possession of Defendants, and further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it prematurely seeks information that is the subject of expert discovery. Plaintiff withdraws its other objections as to this Interrogatory only. Plaintiff supplements its response with the information of which it is currently aware. Additional amounts may be due and owing to Plaintiff however such information is in the possession of Defendants.

## INTERROGATORY NO. 13:

Identify the specific rebate and distribution payments referenced in Paragraph 65 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous. Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Interrogatory: Paragraph 65 of the Complaint refers to the payments of fees identified in paragraphs 52 and 53 of the Complaint which remain due and owing to Plaintiff.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13**

Plaintiff objects to this Interrogatory as seeking information in the possession of Defendants, and further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to the extent it prematurely seeks information that is the subject of expert discovery. Plaintiff withdraws its other objections as to this Interrogatory only. Plaintiff

supplements its response with the information of which it is currently aware. Additional amounts may be due and owing to Plaintiff however such information is in the possession of Defendants.

Plaintiff supplements its response with the information of which it is currently aware. Additional amounts may be due and owing to Plaintiff however such information is in the possession of Defendants.

October 2019: $452,213.00

November 2019: $722,459.00

December 2019: $1,339,576.00

January 2020: March 2020 $1,204,436.00

Administrative fee shareback from January 2020 – August 2021: $27,562,951.00 (estimated), plus additional amounts not yet provided by Defendants.

Equity payments owed to Plaintiff through December 2020, estimated to be between $7,000,000 and $8,000,000. Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 14:**

Identify the date on which Exhibit 4 to the Counterclaim was created and all recipients of Exhibit 4.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous, particularly regarding the term "created." Plaintiff further objects to this Interrogatory because it seeks

information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Interrogatory as it is improperly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory to the extent it requires information protected by the attorney-client privilege or work product doctrine.  Plaintiff further objects to this Interrogatory as vague and ambiguous, particularly regarding the term "created."  Plaintiff further objects to this Interrogatory as overbroad and compound, counting as at least two interrogatories.  Plaintiff withdraws its other objections as to this Interrogatory only.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows as Plaintiff reasonably understands the Interrogatory: Exhibit 4 was sent on or about February 21, 2020.

Recipients include:lstout@mmm.com; bryan.coin@abbott.com; gwynselby@acell.com; ccorbitt@appliedmed.com; Richard.Bertran@avanos.com; randy.roll@bayer.com; Mykkia.Cameron@bsci.com; cfederoff@us.medical.cannon; bob.stanley@cookmedical.com; Edward_Svejda@edwards.com; emma.hefford@fphcare.com; Julie.Tupen@hologic.com;

jason.hernandez@karlstorz.com; mlembo@medline.com; Robert_Mayes@mtf.com;

Jason.cockle@orthoclinicaldiagnostics.com; rbartolone@penumbrainc.com;

hemang.shah@petnetsolutions.com; alan.d.quinn@siemens-healthineers.com;

aaron.shackett@smith-nephew.com; jenifer.ren@staples.com; Jon_Parnell@steris.com;

dan.brown@teleflex.com; james.meyer@abbott.com; Eric.Stoney@bd.com;

cfragiskatos@beckman.com; Ramine.mirdamadi@biofiredx.com;

christine.simmons@diag.bracco.com; stephen.long@cardinalhealth.com;

mary.svadlenka@cardinalhealth.com; mark.dischinger@carestream.com;

Edward.hochwalt@cepheid.com; steve.luke@thermofisher.com; rick.holmes@hillrom.com;

mjorgensen@icumed.com; terry_allen@lifenethealth.org; barry.klegerman@getinge.com;

adam.hafez@medtronic.com; ron.sciepko@philips.com; juliet.larson@smiths-medical.com;

ed.harris@stryker.com; diane.kelly@cardinalhealth.com; scott.billman@cardinalhealth.com;

mike.smith@getinge.com; andersong@sysmex.com; MessnerM@Sysmex.com

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise

its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted

in light of ongoing discovery and litigation.

**INTERROGATORY NO. 15:**

Identify the date(s), locations, and attendees of the "supplier engagement meetings"

referenced in Exhibit 5 to the Counterclaim or any similar such meetings.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this

Interrogatory is overbroad, is unlimited in time or scope, vague and ambiguous, and compound.

Plaintiff further objects to this Interrogatory because it seeks information that is not proportional

to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it requests confidential and proprietary information. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Interrogatory as it is improperly compound.

Subject to and without waiving the foregoing general and specific objections, responds as follows and as Plaintiff understands the Interrogatory: CommonSpirit held meetings with suppliers on February 27 and 27, 2020 in Denver, Colorado. Attendees, either in person or remotely, included representative(s) from Boston Scientific, Teleflex/Arrow, Staples, Medline, Hologic, Abbott, Fisher Paykel, 3M, Siemens, Karl Stortz, Cook Medical, Penumbra, Avanos, Bayer, Steris, Applied Medical, Cardinal Lab, Canon, MTF, Ortho Clinical Diagnostics, Edwards, PetNet, Smith & Nephew, Hillrom/Welch Allyn, Stericycle, Masquet/Getinge, Abbott Lab, LifeNet, Philips Healthcare, Stryker, Fisher Scientific, CareStream, Cepheid, Smiths Medical, Cardinal, Cardinal RadioPharma, Biofire, J&J/Ethicon, Medtronic/Covidien, Beckman, ICU Medical, BD/Bard/Carefusion, Bracco, Terumo, Sysmex.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as overbroad and compound, counting as at least four interrogatories. Plaintiff withdraws its other objections as to this Interrogatory only.

Subject to and without waiving the foregoing objections, responds as follows and as Plaintiff reasonably understands the Interrogatory: CommonSpirit held meetings with suppliers on February 26 and 27, 2020 in Denver, Colorado. Attendees included:

| | |
|---|---|
| Hillrom/Welch Allyn. | Rick Holmes, Steve Henderson, Katie Roush |
| Stericycle. | Enrico Vona, Stacy Ford |
| Maquet/Getinge. | Barry Klegerman, Mike Smith |
| Abbott Lab. | James Meyer |
| LifeNet. | Terry Allen |
| Philips Healthcare. | Ron Sciepko, Matt Magner |
| Stryker. | Ed Harris |
| Fisher Scientific. | Steve Luke |
| CareStream. | Mark Dischinger, Jeff Locklar and Kendall Ryerson |
| Cepheid. | Edward Hochwalt |
| Smiths Medical. | Juliette Larson, Jeff McCann |
| Cardinal. | Diane Kelly, Stephen Long |
| Cardinal RadioPharma. | Mary Svadlenka and Jason Grill |
| Biofire. | Ramine Mirdamadi |
| J&J/Ethicon. | Tim Hinuebe |
| Medtronic/Covidien. | Adam Hafez |
| Beckman. | Cathy Fragistakos |
| ICU Medical. | Mark Jorgensen |
| BD/Bard/Carefusion. | Eric Stoney |

|           |                                                      |
|-----------|------------------------------------------------------|
| Bracco.   | Christine Martin, Denise Bentley and Randy Thrash    |
| Terumo.   | Michael Johnson                                      |
| Sysmex.   | Greg Anderson, Michael Mesner                        |

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## INTERROGATORY NO. 16:

Provide the complete factual basis for Your assertion that CommonSpirit performed all of its obligations under the Participation Agreement or has been excused from doing so as a result of HealthTrust's actions.

## RESPONSE TO INTERROGATORY NO. 16:

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is unduly burdensome, overbroad, unlimited in time or scope, vague and ambiguous, and compound  Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or work product doctrine, and requires the production and description of documents protected by the attorney-client privilege or work product doctrine.  Plaintiff objects to this Interrogatory as it requests confidential and proprietary information.  Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Interrogatory as it is improperly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory to the extent it requires information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory as overbroad and unduly burdensome as it requests all facts establishing that CommonSpirit performed all of its obligations under the 38 page single spaced Participation Agreement during a multi-year period of time. Plaintiff further objects that this Interrogatory is compound, and not reasonably related to any party's claims or defenses. Plaintiff withdraws its other objections as to this Interrogatory only.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows applying Plaintiff's reasonable interpretation as agreed by the parties during meet and confer discussions, and as Plaintiff understands the Interrogatory:

CommonSpirit performed all of its obligations under the Participation Agreement up to the point when Defendants improperly terminated the Participation Agreement on unreasonably short notice and in violation of its terms, in apparent retaliation for Plaintiff selecting Premier to be its subsequent GPO through the RFP process in which Defendants participated.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**INTERROGATORY NO. 17:**

Provide the complete factual basis for Your assertion that Defendants breached fiduciary duties, including the nature of the supposed duty, the specific acts that constituted a breach of such duties, and the damages caused by such breach.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Interrogatory is overbroad, is unlimited in time or scope, and vague and ambiguous. Plaintiff further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case under Federal Rule 26(b)(1). Plaintiff further objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or work product doctrine, and requires the production and description of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory to Plaintiff objects to this Interrogatory as it calls for a legal conclusion. Plaintiff objects to this Interrogatory on the grounds that it impermissibly seeks confidential information of third parties. The Interrogatory is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Interrogatory as it is improperly compound.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understand the Interrogatory: Defendants and Plaintiff were partners, and therefore, had to uphold the fiduciary duties of loyalty and care in their dealings with one another. Defendants' breaches include Defendants' refusal to turn Plaintiff's property over to Plaintiff, including the distribution and rebate payments, shutting off Plaintiff's access to

Defendants' website and web tools during the term of the Agreements and with no notice to Plaintiff, and prematurely terminating the Agreements on extremely short notice to Plaintiff.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:

Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Interrogatory as it calls for a legal conclusion. Plaintiff further objects to this Interrogatory as it is improperly compound. Plaintiff withdraws its other objections as to this Interrogatory only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows as Plaintiff reasonably understand the Interrogatory: Defendants and Plaintiff were partners, and Defendants were therefore bound to uphold the fiduciary duties of loyalty and care in their dealings with Plaintiff. Defendants' breaches include Defendants' refusal to turn Plaintiff's property over to Plaintiff, including dividend and equity payments, shutting off Plaintiff's access to Defendants' website and web tools during the term of the Agreements and with no notice to Plaintiff, and prematurely terminating the Agreements on extremely short notice to Plaintiff.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show, on a monthly basis, Your purchases of Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is overly burdensome, overbroad, unlimited in time or scope, and vague and ambiguous. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and compound. Plaintiff further objects to this Request as it seeks documents unrelated to any party's claims or defenses. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged,

non-protected documents sufficient to show the purchases of products and services of legacy CHI facilities for the period January 1, 2019 to March 31, 2020 that are identified in such search.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show, on a monthly basis, Your performance of Your obligations under Section 5.4 of the Participation Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Interrogatory to the extent it requires information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory as overbroad and unduly burdensome as it requests all documents relating to CommonSpirit's performance of all of its obligations pursuant to the Participation Agreement during a multi-year period of time. Plaintiff further objects that this Interrogatory is compound, and not reasonably

related to any party's claims or defenses. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents identified in such search that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents referring or relating to Your obligations under Section 5.6 of the Participation Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Plaintiff objects to this Interrogatory to the extent it requires information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Interrogatory as overbroad and unduly burdensome as it requests all documents relating to CommonSpirit's performance of all of its obligations pursuant to the Participation Agreement during a multi-year period of time. Plaintiff further objects that this Interrogatory is compound, and not reasonably related to any party's claims or defenses. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents identified in such search that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Documents referring or relating to Your obligations under Sections 5.8 and 9 of the Participation Agreement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available

and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion and is impermissibly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff objects to this Interrogatory to the extent it requires information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Request as overbroad and unduly burdensome as it requests all documents relating to CommonSpirit's performance of all of its obligations pursuant to the Participation Agreement during a multi-year period of time. Plaintiff further objects that this Request is not reasonably related to any party's claims or defenses. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents identified in such search that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 5:

The Dignity Health contract with Premier, Inc. referenced in Paragraph 20 of the Complaint, along with any amendments or modifications thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 6:**

Documents that refer or relate to Your consideration of a GPO other than HealthTrust in 2019 or 2020, including, but not limited to, Your consideration of Vizient, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade

secrets.  Plaintiff objects that this Request is overbroad, and unlimited in time or scope.  Plaintiff objects to the Request as vague, ambiguous, and unintelligible as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine.  Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity including direct competitors to Defendants.  Plaintiff further objects that this Request is overbroad and not reasonably related to any party's claims or defenses.  Plaintiff withdraws its other objections as to this Request only.

As agreed during the parties' meet and confer discussions, Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control.  Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, and/or sensitive business information and/or trade secrets of a third party including Defendants' direct competitors Premier and Vizient, Inc.

## REQUEST FOR PRODUCTION NO. 7:

Documents that refer or relate to Your selection of "Premier to be its new GPO partner and provider" (as referenced in Paragraph 28 of the Complaint), including any contracts or

agreements that refer or relate to that selection, along with any amendments or modifications thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff incorporates each of its general objections by reference.  Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine.  Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.  Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity.  Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets.  Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous.  Plaintiff objects that this Request is impermissibly compound.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine.  Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity including direct competitors to Defendants.  Plaintiff further objects that this Request is overbroad and not reasonably related to any party's claims or defenses.  Plaintiff withdraws its other objections as to this Request only.

As agreed during the parties' meet and confer discussions, Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive

documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, and/or sensitive business information and/or trade secrets of a third party including Defendants' direct competitor Vizient, Inc.

**REQUEST FOR PRODUCTION NO. 8:**

Documents that refer or relate to Your process for selecting GPO partners and/or providers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous, particularly as to time and the term "Your process."

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity including direct competitors to Defendants. Plaintiff further objects that this Request is overbroad and not reasonably related to any party's claims or defenses. Plaintiff withdraws its other objections as to this Request only.

As agreed during the parties' meet and confer discussions, Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, and/or sensitive business information and/or trade secrets of a third party including Defendants' direct competitor Vizient, Inc.

## REQUEST FOR PRODUCTION NO. 9:

Documents that refer or relate to the Request for Proposal (or "RFP") process or processes You utilized in 2019 or 2020 for selecting a GPO partner and/or provider.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks

documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous, particularly as to Defendants' meaning of "provider." Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion and is impermissibly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third parties including Premier and Vizient, who are direct competitors to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors Premier and Vizient are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence.

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of third parties including Premier and Vizient, who are direct competitors to Defendants. Plaintiff further objects that this Request is overbroad. Plaintiff further objects that this Request seeks documents and not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

As agreed during the parties' meet and confer discussions, Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of Defendants' direct competitors Premier and Vizient, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents that refer or relate to the "savings opportunities" and "roadmap" from the selection of Premier referenced in Paragraph 29 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third parties including Premier and Vizient, who are direct competitors to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors Premier and Vizient are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence.

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of third parties including Premier and Vizient, who are direct competitors to Defendants. Plaintiff further objects that this Request is overbroad. Plaintiff further objects that this Request seeks documents and not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

As agreed during the parties' meet and confer discussions, Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of Defendants' direct competitors Premier and Vizient, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Any communications with Premier that refer or relate to HealthTrust.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged and non-objectionable documents responsive to this Request for a limited time period, discovered in its reasonable search, subject to the entry of the parties' Stipulated Protective Order.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitor

Premier is not relevant to any party's claims or defenses nor is it likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

Any communications with any Vendor regarding purchases of products or services outside of the HealthTrust GPO that refer or relate to HealthTrust.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, unlimited in time or scope, and vague and ambiguous.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Request as vague and ambiguous. Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of third parties including Defendants' direct competitors are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

During counsel's meet and confer calls, Defendants' counsel clarified that this Request sought communications with third party vendors regarding purchasing products with the same pricing as under the HealthTrust GPO.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Any communications with any Vendor regarding any efforts to have those Vendors honor the pricing and/or other contract terms those Vendors made available to Facilities as GPO members of HPG to CommonSpirit's affiliates on their purchases as GPO members of Premier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Request as vague and ambiguous. Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of third parties including Defendants' direct competitors are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

During counsel's meet and confer calls, Defendants' counsel clarified that this Request sought communications with third party vendors regarding purchasing products with the same pricing as under the HealthTrust GPO.

Plaintiff will conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Any communications with any Vendor regarding interim or bridge agreements between such Vendor (that, at the time of the communication, was party to a HealthTrust Vendor Contract) and You that incorporated or reflected the pricing those Vendors made available to Facilities as GPO members of HPG under its HealthTrust Vendor contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Request as vague and ambiguous. Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of third parties including Defendants' direct competitors are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Any communications with Vendors regarding the "transition" from HealthTrust to Premier that refer or relate to pricing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or

trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it

seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade

secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague

and ambiguous. Plaintiff objects that this Request is impermissibly compound. Responding

Party objects to the use of the term "transition" as it is undefined but quoted, and therefore,

vague, ambiguous, and unintelligible as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise

its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted

in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Plaintiff objects to this Request to the extent it seeks the confidential, proprietary, and

sensitive business information or trade secrets of Defendants' direct competitors. Plaintiff

objects to this Request as it seeks documents that are not relevant to any party's claims or

defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws

its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable

search for responsive documents within its possession, custody and control. Plaintiff will

produce all non-privileged, non-protected documents that do not contain confidential,

proprietary, or sensitive business information of third parties including Defendants' direct

competitor Premier, that are identified in such search and responsive to this Request.

## REQUEST FOR PRODUCTION NO. 16:

Any communications with Vendors regarding the date on which You or any of Your

Facilities would utilize, participate, or have membership with Premier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitor Premier is not relevant to any party's claims or defenses nor is it likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Any communications with Premier regarding the confidentiality obligations of the Participation Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it

seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff will produce non-privileged and non-objectionable documents responsive to this Request, discovered in its reasonable search, subject to the parties' Stipulated Protective Order.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Plaintiff objects to this Request to the extent it seeks the confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors. Plaintiff objects to this Request as it seeks documents that are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Any communications with Vendors regarding the confidentiality obligations of the Participation Agreement (including as to HealthTrust Vendor Contracts).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff will produce non-privileged and non-objectionable documents responsive to this Request, discovered in its reasonable search, subject to the parties' Stipulated Protective Order.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Plaintiff objects to this Request as vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks the confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors. Plaintiff objects to this Request as it seeks documents that are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

## REQUEST FOR PRODUCTION NO. 19:

Documents sufficient to show the dollar value by month of purchases made by Your Facilities through Premier GPO vendor contracts from January 1, 2019 through December 31, 2020.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or

trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it

seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade

secrets. Plaintiff objects that this Request is overbroad, overbroad in time and scope, and vague

and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous,

and unintelligible as drafted, as it refers to the Participation Agreement which contains a

definition of "Facilities" that changes from time to time as it refers to "Participant … and other

Affiliates of Participant listed on Exhibit A hereto as amended from time to time…". The term is

unduly burdensome, not proportional to the needs of the case, and purports to impose obligations

greater than those set forth in the Federal Rules. Plaintiff further objects to Defendants' use of

the Participation Agreement's definition of "Facilities" as it seeks information that is equally

available to Defendants.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise

its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted

in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff objects to this Request as vague and ambiguous. Plaintiff further objects to this

Request to the extent it seeks the confidential, proprietary, and sensitive business information or

trade secrets of Defendants' direct competitors. Plaintiff objects to this Request as it seeks

documents that are not relevant to any party's claims or defenses nor are they likely to lead to the

discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request

only.

During counsel's meet and confer calls, Defendants' limited this Request to refer only to legacy CHI facilities.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to show the dollar value by month of purchases made by Your Facilities through or related to vendor contracts of a group purchasing organization other than HealthTrust from January 1, 2019 through December 31, 2020.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, overbroad in time and scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Plaintiff further objects to Defendants' definition of "Facilities" as vague, ambiguous, and unintelligible as drafted, as it refers to the Participation Agreement which contains a definition of "Facilities" that changes from time to time as it refers to "Participant … and other Affiliates of Participant listed on Exhibit A hereto as amended from time to time…".  The term is unduly burdensome, not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules.  Plaintiff further objects to Defendants' use of the Participation Agreement's definition of "Facilities" as it seeks information that is equally available to Defendants.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

Plaintiff objects to this Request as vague and ambiguous.  Plaintiff further objects to this Request to the extent it seeks the confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors.  Plaintiff objects to this Request as it seeks documents that are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence.  Plaintiff withdraws its other objections as to this Request only.

During counsel's meet and confer calls, Defendants' limited this Request to refer only to legacy CHI facilities.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control.  Plaintiff will produce non-privileged, non-protected documents that do not contain confidential, proprietary,

or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show, on a monthly basis, the amount and sources of any payments made by Premier to You, including, but not limited to, credits, stock, or other present or contingent transfers of value.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, overbroad in time and scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff further objects to this Request as it seeks documents that are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 22:**

Any communications that refer or relate to the manner by which You could avoid and/or circumvent Your GPO exclusivity obligations to HealthTrust.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound. Plaintiff further objects that this Request is argumentative and harassing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff is unaware of the existence of any documents responsive to this Request.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR PRODUCTION NO. 23:**

Any communications that refer or relate to whether You could "transition" to participate in Premier's GPO program prior to December 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound. Responding Party objects to the use of the term "transition" as it is undefined but quoted, and therefore, vague, ambiguous, and unintelligible as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third parties including Defendants' direct competitors. The confidential, proprietary, and sensitive business

information or trade secrets of Defendants' direct competitors are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence.

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects that this Request is overbroad. Plaintiff further objects that this Request seeks documents and not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

During counsel's meet and confer calls, Defendants limited this Request to refer only to legacy CHI facilities. With this understanding Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Any communications that refer or relate to the manner by which You could "transition" to participate in Premier's GPO program prior to December 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it

seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound. Responding Party objects to the use of the term transition as it is undefined and the Request is therefore, vague, ambiguous, and unintelligible as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff objects to this Request as vague and ambiguous particularly as to the terms "the manner by which You could 'transition'." Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third parties including Defendants' direct competitors. The confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects that this Request is overbroad and seeks documents and not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

During counsel's meet and confer calls, Defendants limited this Request to refer only to legacy CHI facilities. With this understanding Plaintiff will produce all non-privileged, non-

protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Any Documents that refer or relate to Exhibit 4 to the Counterclaim or any similar such communication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff will produce non-

privileged and non-objectionable documents responsive to this Request, discovered in its reasonable search, subject to the entry of the parties' Stipulated Protective Order.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine.

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The Request seeks documents not relevant to any party's claims or defenses nor likely to lead to the discovery of admissible evidence, including the confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitors, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Any Documents that refer or relate to the pricing templates referenced in the Counterclaim (Exhibits 5 & 6 to the Counterclaim) or any similar such templates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects that this Request is impermissibly compound.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The Request seeks documents not relevant to any party's claims or defenses nor likely to lead to the discovery of admissible evidence, including the confidential, proprietary, and sensitive business information or trade secrets of Defendants' direct competitors. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitors, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Any Documents (including but not limited to any video recordings) utilized at, distributed at, or otherwise referring or relating to meetings with Vendors regarding CommonSpirit's transition from HealthTrust to Premier, including but not limited to the "supplier engagement meetings" referenced in Exhibit 5 to the Counterclaim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request Plaintiff will produce non-

privileged and non-objectionable documents responsive to this Request, discovered in its reasonable search, subject to the entry of the parties' Stipulated Protective Order.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of third parties including Defendants' direct competitor Premier are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

## REQUEST FOR PRODUCTION NO. 28:

Any communications with any Vendor from May 1, 2019 through December 31, 2020 that refer or relate to Your moving from one GPO membership to another.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information and/or trade secrets of a third party or entity. Plaintiff objects to this Request as it to the extent that it seeks the disclosure of its confidential, proprietary, or sensitive business information and/or trade secrets.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of third parties including Defendants' direct competitor Premier are not relevant to any party's claims or defenses nor are

they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Any Documents referenced in Your responses to Interrogatories or Requests for Admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requires the production of documents protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks documents that are not in Plaintiff's possession, custody or control, or are equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope, and vague and ambiguous. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff will produce non-

privileged and non-objectionable documents responsive to this Request, discovered in its reasonable search, subject to the entry of the parties' Stipulated Protective Order.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Plaintiff objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine or any other applicable privilege or protection against disclosure. Plaintiff objects to this Request to the extent it seeks documents that include the confidential, proprietary, and sensitive business information or trade secrets of a third party or entity including Premier, which is a direct competitor to Defendants. The confidential, proprietary, and sensitive business information or trade secrets of third parties including Defendants' direct competitor Premier are not relevant to any party's claims or defenses nor are they likely to lead to the discovery of admissible evidence. Plaintiff withdraws its other objections as to this Request only.

Plaintiff will apply its reasonable interpretation to this Request and conduct a reasonable search for responsive documents within its possession, custody and control. Plaintiff will produce all non-privileged, non-protected documents that do not contain confidential, proprietary, or sensitive business information of third parties including Defendants' direct competitor Premier, that are identified in such search and responsive to this Request.

# RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Exhibit 4 to the Counterclaim is a true copy of a document created in the course of ordinary business at CommonSpirit.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the phrase "created in the course of ordinary business at CommonSpirit." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Admit that Exhibit 4 to the Counterclaim is a true copy of a document. Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1

Plaintiff objects that this Request is vague and ambiguous particularly as to the phrase "created in the course of ordinary business at CommonSpirit." Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

Admit that Exhibit 4 to the Counterclaim is a true copy of a document created at CommonSpirit. Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## REQUEST FOR ADMISSION NO. 2:

Admit that CommonSpirit sent Exhibit 4 to Vendors.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "Vendors." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Plaintiff objects that this Request is vague and ambiguous particularly as to the term "Vendors." Plaintiff withdraws its other objections as to this Request only. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

Admit that an employee of CommonSpirit sent Exhibit 4 to Vendors. Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## REQUEST FOR ADMISSION NO. 3:

Admit that CommonSpirit sent Exhibit 4 to Vendors on or before February 24, 2020.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "Vendors." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the

Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Plaintiff objects that this Request is vague and ambiguous particularly as to the term "Vendors." Plaintiff withdraws its other objections as to this Request only. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

Admit that an employee of CommonSpirit sent Exhibit 4 to some vendors on or before February 24, 2020. Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## REQUEST FOR ADMISSION NO. 4:

Admit that CommonSpirit understood that, under the Participation Agreement, it could not be a member of Premier and of HealthTrust at the same time.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Plaintiff objects that the Participation Agreement speaks for itself and as such this Request seeks a response that is not relevant to any party's claims or defenses. Plaintiff further objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit" in this context, as CommonSpirit is an entity that cannot have an "understanding," and further, subsidiary Dignity Health was a member of Premier at the same time legacy CHI facilities were

members of HealthTrust Purchasing Group, L.P., a fact of which Defendants were fully aware. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as Plaintiff reasonably understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR ADMISSION NO. 5:**

Admit that CommonSpirit understood that, under the Participation Agreement, it could not become a member of Premier until January 1, 2021 at the earliest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "understood that" "it could not become a member of Premier." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this Request as it calls for a legal conclusion. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects that the Participation Agreement speaks for itself and as such this Request seeks a response that is not relevant to any party's claims or defenses. Plaintiff further objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit" in this context, as CommonSpirit is an entity that cannot have an "understanding," and further, subsidiary Dignity Health was a member of Premier at the same time legacy CHI facilities were members of HealthTrust Purchasing Group, L.P., including prior to January 1, 2021, a fact of which Defendants were fully aware. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objection, Plaintiff responds as Plaintiff reasonably understands the Request: Admit that the Participation Agreement between CHI and HealthTrust provided at Paragraph 3.1: "<u>Term</u>. Subject to termination under Section 7 hereof, the term of this Agreement shall commence on the Effective Date ("Initial Term") and end January 1, 2021…". Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR ADMISSION NO. 6:**

Admit that CommonSpirit agreed to become a member of Premier prior to January 1, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "agreed to become a member of Premier." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

Case 3:21-cv-00460   Document 76-1   Filed 06/22/22   Page 86 of 98 PageID #: 799

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit" and "agreed" in this context, as CommonSpirit is an entity, and the phrasing of the Request leaves ambiguity as to its meaning. Plaintiff further objects to this Request as vague and ambiguous as Dignity Health was a member of Premier at the same time legacy CHI facilities were members of HealthTrust Purchasing Group, L.P., a fact of which Defendants were fully aware. Plaintiff withdraws its other objections as to this Request only. Subject to and without waiving the foregoing objections, Plaintiff responds as Plaintiff reasonably understands the Request:

Admit that prior to January 1, 2021, it was determined by certain personnel at CommonSpirit that CommonSpirit would become a member of Premier at some undetermined time in the future, including potentially after January 1, 2021. Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR ADMISSION NO. 7:**

Admit that CommonSpirit understood that, under the Participation Agreement, the pricing under the HealthTrust Vendor Contracts was confidential information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff incorporates each of its general objections by reference. Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects that this Request is vague and ambiguous particularly as

to the term "the pricing under the HealthTrust Vendor Contracts." Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Plaintiff objects that the Participation Agreement speaks for itself and as such this Request seeks a response that is not relevant to any party's claims or defenses. Plaintiff further objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit" in this context, as CommonSpirit is an entity that cannot have an "understanding." Plaintiff further objects that this Request is vague and ambiguous particularly as to the term "the pricing under the HealthTrust Vendor Contracts" and "confidential information." Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as Plaintiff reasonably understands the Request:

Admit that the Participation Agreement references "Confidential Information" at Paragraphs 9.1 - 9.4. Deny as to the remainder of the Request as Plaintiff understands it.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that CommonSpirit shared pricing information from HealthTrust Vendor Contracts with Premier.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "HealthTrust Vendor Contracts." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows as Plaintiff understands this Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR ADMISSION NO. 9:**

Admit that CommonSpirit shared pricing information from HealthTrust Vendor Contracts with Dignity Health.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "HealthTrust Vendor Contracts." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Plaintiff objects that this Request is vague and ambiguous as to the terms "HealthTrust Vendor Contracts" and "shared pricing information." CommonSpirit is the corporate parent of all CommonSpirit entities. Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as Plaintiff reasonably understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## REQUEST FOR ADMISSION NO. 10:

Admit that CommonSpirit asked Premier to obtain pricing information under HealthTrust's contracts with Vendors.

## RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "obtain pricing information under HealthTrust's contracts with Vendors." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the

basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Plaintiff is unable to respond to this Request as drafted.

Discovery is continuing and Plaintiff reserves the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Plaintiff objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit asked" and "obtain pricing information under HealthTrust's contracts with Vendors." Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows and as Plaintiff reasonably understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## REQUEST FOR ADMISSION NO. 11:

Admit that CommonSpirit assisted Premier in requesting HealthTrust pricing information from Vendors.

## RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "Vendors." Plaintiff further

objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Plaintiff objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit assisted Premier in requesting HealthTrust pricing information from Vendors." Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows and as Plaintiff reasonably understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**REQUEST FOR ADMISSION NO. 12:**

Admit that CommonSpirit assisted Premier in obtaining HealthTrust pricing information from Vendors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff incorporates each of its general objections by reference. Plaintiff objects that this Request is vague and ambiguous particularly as to the term "Vendors." Plaintiff further objects to this Request to the extent it requests information protected by the attorney-client privilege or work product doctrine. Plaintiff objects to this Request because it is not proportional to the needs of the case, and purports to impose obligations greater than those set forth in the Federal Rules. Plaintiff further objects to this Request to the extent it seeks information that is equally available and/or in the possession, custody, or control of Defendants, or any third party or entity. Plaintiff objects that this Request is overbroad, and unlimited in time or scope. Plaintiff objects to this request on the basis that it improperly seeks a legal conclusion. Responding Party objects to this Request as vague, ambiguous, and unintelligible as drafted.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows and as Plaintiff understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff objects that this Request is vague and ambiguous particularly as to the term "CommonSpirit assisted Premier in obtaining HealthTrust pricing information from Vendors." Plaintiff withdraws its other objections as to this Request only.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows and as Plaintiff reasonably understands the Request: Deny.

Discovery is continuing and Plaintiff reserves the right to supplement the right to supplement, amend, or revise its response pursuant to Federal Rule of Civil Procedure 26(e) or as may otherwise be warranted in light of ongoing discovery and litigation.

Respectfully submitted,

*/s/ Victor J. Domen, Jr.*

Victor J. Domen Jr. (TN SBN 015803)
NORTON ROSE FULBRIGHT US, LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone:(202) 662-0200
*vic.domen@nortonrosefulbright.com*

James H. Turken (CA SBN 89618)
Rebecca Lawlor Calkins (CA SBN 195593)
Neil P. Thakor (CA SBN 308743)
Kelly L. Doyle (CA SBN 326230)
NORTON ROSE FULBRIGHT US, LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone:(213) 892-9200
Facsimile: (213) 892-9494
*james.turken@nortonrosefulbright.com*
*rebecca.calkins@nortonrosefulbright.com*
*neil.thakor@nortonrosefulbright.com*
*kelly.doyle.dahan@nortonrosefulbright.com*

*Attorneys for Plaintiff*
*COMMONSPIRIT HEALTH*

## VERIFICATION

I, Cynthia Meise-Jones, am Deputy General Counsel and System Vice President of CommonSpirit Health. I have read the foregoing: **PLAINTIFF COMMONSPIRIT HEALTH'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS HEALTHTRUST PURCHASING GROUP, L.P. AND HPG ENTERPRISES, LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION .** The foregoing responses are the product of information gathered by myself and others acting at my direction. I believe, based on reasonable inquiry, that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of June, 2022 at Englewood, Colorado.

_____
Cynthia Meise Jones

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is NORTON ROSE FULBRIGHT US LLP, 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On June 7, 2022, I served the foregoing document(s) described as: **PLAINTIFF COMMONSPIRIT HEALTH'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS HEALTHTRUST PURCHASING GROUP, L.P. AND HPG ENTERPRISES, LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** on interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☐     **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

☐     **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated above.

☒     **(BY EMAIL)** I caused said document(s) to be sent via e-mail to the interested parties at the e-mail address as stated above.

☐     **(PERSONAL SERVICE)** I caused said document(s) listed above to be delivered the person(s) at the address(es) set forth below.

☐     **(BY FACSIMILE)** I caused said document(s) to be transmitted electronically to the interested parties at the facsimile numbers as above.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 7, 2022, at Los Angeles, California.

_/s/ Silvia Cerna_
_____
Silvia Cerna

109332419.1

**SERVICE LIST**

W. David Bridgers, Esq.
Elizabeth Boston Malloy, Esq.
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone (615) 244-6380
Facsimile (615) 244-6804
David.Bridgers@wallerlaw.com
Elizabeth.Malloy@wallerlaw.com

Benjamin Block (*pro hac vice*)
Paige Jennings (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-5855
bblock@cov.com
pjennings@cov.com

*Attorneys for Defendants HealthTrust and HPG*