# Exhibit 2
# To HealthTrust's Position



**Via Electronic Mail** May 2, 2022

Victor J. Domen Jr., Esq.
NORTON ROSE FULBRIGHT US, LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
vic.domen@nortonrosefulbright.com

James H. Turken, Esq.
Rebecca Lawlor Calkins, Esq.
Neil P. Thakor, Esq.
Kelly L. Doyle, Esq.
NORTON ROSE FULBRIGHT US, LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
james.turken@nortonrosefulbright.com
rebecca.calkins@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
kelly.doyle.dahan@nortonrosefulbright.com

Re: *CommonSpirit Health v. HealthTrust et al.* **(M.D. Tenn.)**

Dear Counsel:

Please let us know when you are available on Wednesday or Thursday of this week to discuss the host of deficiencies in CommonSpirit's responses to our discovery requests. Absent prompt confirmation that CommonSpirit will be withdrawing its objections and responding fully and completely to our requests within one week of that discussion, we will need a teleconference with Judge Trauger.

We served 30 targeted requests for production, but CommonSpirit has agreed to respond to only seven. Among the documents for which CommonSpirit refuses to conduct any search at all are:

- Documents and communications regarding CommonSpirit's obligations under the Participation Agreement, including the exclusivity and confidentiality obligations;

- Communications with vendors or other GPOs regarding HealthTrust pricing;

- Communications with vendors regarding when CommonSpirit would become a member of or otherwise participate in the Premier GPO;

- Documents relating to the RFP process that is the subject of allegations in CommonSpirit's Complaint; and

- Documents that refer or relate to certain exhibits to HealthTrust's counterclaims (which, in turn, are communications from CommonSpirit to vendors).

These are targeted requests that go to the heart of the issues in this case. CommonSpirit's refusal to search for and produce documents responsive to these requests lacks any justifiable basis.

Furthermore, as to the seven requests for production to which CommonSpirit has agreed to search for and produce documents, CommonSpirit has not produced any of those documents—its production consists of only 30 documents (some copies of the Participation and Partnership Agreement, a few emails exchanged between Robert Arreola of HealthTrust and Ira Berkowitz of CHI, a copy of CommonSpirit's RFP for a new GPO, a nondisclosure agreement related to that RFP, and some spreadsheets).[1]

We also served 19 targeted interrogatories; CommonSpirit has refused to respond at all to eight of these, and has refused to provide complete responses to the remainder. And we served twelve targeted requests for admission; CommonSpirit has refused to answer eight of these and has failed to make a full response to two more.

CommonSpirit's objections to our requests are not well-taken. These objections constitute a refusal to respond to discovery under Rule 37. These improper objections include:

- Nineteen improper "general objections";[2]

- Scores of improper boilerplate objections that requests are "overbroad" or "not proportional to the needs of the case" without any supporting explanation;[3]

- Failure to state whether any documents responsive to HealthTrust's requests for production are being withheld on the basis of any of CommonSpirit's objections, in violation of Rule 34(b)(2)(C);

- Repeated objections that requests seek "confidential and proprietary information" when the parties have already negotiated, and the Court has entered, a two-tiered protective order (*see* ECF No. 49);

---

[1] This is particularly disappointing as we had expressly agreed to extend the due date for discovery responses so that the parties could substantially complete their productions. HealthTrust, which has produced over 12,000 documents at this time and responded substantively to each of CommonSpirit's interrogatories, has upheld its end of that agreement. CommonSpirit has not. We also cannot tell from CommonSpirit's objections what time period limitations it purports to place for any particular document request. CommonSpirit should search for and produce documents responsive to all requests created between January 1, 2019 and the date of the filing of the original complaint in this action.

[2] *See, e.g.*, *Jones v. Am. River Transp. Co.*, 2020 WL 7865326, at *5–6 (W.D. Tenn. June 17, 2020) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.") (internal citation omitted).

[3] *See id.*

- Repeated baseless objections that discovery requests are "unintelligible":

    o CommonSpirit refuses to answer multiple interrogatories and requests for production seeking information and documents regarding the CHI Facilities covered by the Participation Agreement on the ground that the defined term "Facilities" is somehow vague and ambiguous. To state the obvious, CommonSpirit must know which CHI hospitals are the subject of its own claims.

    o CommonSpirit objects that a request for production for documents that "refer or relate to its consideration of a GPO other than HealthTrust in 2019 or 2020" is somehow "unintelligible." That objection cannot be squared with the Complaint itself, which alleges that CommonSpirit explored entering into a new GPO relationship as early as 2019.

    o CommonSpirit objects to requests seeking "communications with Vendors regarding the 'transition' from HealthTrust to Premier that refer or relate to pricing" on the ground that "transition" is "unintelligible," when that is the precise word that Dan DeLay (CommonSpirit's Senior Vice President of Supply Chain Management) used repeatedly in correspondence with HealthTrust (*see, e.g.*, Counterclaim, Ex. 7).

    o CommonSpirit refuses to "admit that CommonSpirit understood that, under the Participation Agreement, it could not be a member of Premier and of HealthTrust at the same time" on the basis of an "unintelligible" objection. There is nothing unintelligible about that request; indeed, CommonSpirit requested an amendment to the Participation Agreement to permit it to terminate immediately as of right because of the exclusivity obligation in that Agreement.

    o Relatedly, CommonSpirit's objection to Interrogatory Number 14—which asks simply to identify when a specific CHI document (Exhibit 4 to the Counterclaim) was created and who received it—on the ground that the term "created" is somehow impossible to understand or that the interrogatory is improperly compound strains credulity.

    o CommonSpirit also objects to Requests for Admission Numbers 2 and 3—which ask it to admit that it sent a specific document to vendors (and when)—on the ground that CommonSpirit doesn't know what a vendor is. That, too, strains credulity, particularly when the very Participation Agreement under which CommonSpirit purports to sue defines "Vendor" in Section 1.29.

All of these objections—and CommonSpirit's refusal to answer the requests made—are improper.[4]

---

[4] "A 'proper' objection is one that is tailored to the interrogatory or request for production, not a conclusory objection such as overbroad or unduly burdensome which neglects to say why the interrogatory or request for production is subject to that objection." *Wagner Equip. v. Wood*, 2012 WL 12863313, at *3 (D.N.M. May 2, 2012); *see id.* ("If a proper objection is made, the party

For those few interrogatories or requests for admission that CommonSpirit did answer in part, the majority of those answers are improperly evasive and incomplete. For example:

- CommonSpirit's answer to Interrogatory Number 9—which requires CommonSpirit to identify the "relationship between and among Catholic Health Initiatives, CommonSpirit Health, and Dignity Health referenced in Paragraph 1 of the Complaint and identify any documents establishing this relationship"—amounts to a recitation of the conclusory assertion in the Complaint that there was a "ministry alignment" (whatever that is), without identifying any documents that would shed any light on the contours of this alignment or the actual legal relationship among the entities.

- CommonSpirit's answers to Interrogatories Numbers 11, 12, and 13—which seek to discover which specific purported payments CommonSpirit is alleging that it did not receive—send HealthTrust on a circular journey right back to the general allegations in the Complaint without providing any of the specific information requested.[5]

- CommonSpirit's answers to Interrogatories Numbers 7, 8, and 15—which seek the identity of individuals—do not provide the job titles of the persons listed (as requested), and in many instances fail to identify specific persons by name.

- CommonSpirit's answer to Request for Admission Number 1—which asks CommonSpirit to admit that "Exhibit 4 to the Counterclaim is a true copy of a document created in the course of ordinary business at CommonSpirit"—admits only that Exhibit 4 is a "copy of a document."

\*   \*   \*   \*

We should not need to remind CommonSpirit of its obligation under Rule 26(g) to assert objections in good faith or of its obligation under Rule 36 "that when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

Yet, CommonSpirit's responses to the vast majority of our targeted discovery requests constitute no response at all. Coming after the parties agreed to significantly extend the deadline for responses to discovery so that the information exchanged would be robust and complete, CommonSpirit's improper objections, evasive responses, and failures to answer the overwhelming majority of HealthTrust's targeted discovery requests leave us with the regrettable conclusion that CommonSpirit has elected to set forth objections seeking to delay or for other improper purposes.

---

still has the obligation to answer as much of the interrogatory as it can or respond to those parts of a request for production to which there is no objection.").

[5] *See, e.g.*, *Ford v. Specialized Loan Servicing, LLC*, 2017 WL 10221055, at \*3 (W.D. Tenn. May 11, 2017) ("Several of the interrogatories ask the Fords to provide the factual basis for various allegations in [the complaint] … . The Fords may not respond to such interrogatories simply by quoting the very language in the complaint for which the question seeks the factual basis.").

We look forward to prompt confirmation that CommonSpirit will immediately reconsider its position, withdraw its objections, and provide actual answers and documents responsive to all of our requests, or we will be forced to seek the Court's involvement.

Very truly yours,

W. David Bridgers

cc: Benjamin C. Block
Alexis Caligiuri
Elizabeth Boston Malloy