# Exhibit 3
# To HealthTrust's Position



COVINGTON & BURLING LLP

May 19, 2022

**Via Electronic Mail**

Victor J. Domen Jr., Esq.
NORTON ROSE FULBRIGHT US, LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
vic.domen@nortonrosefulbright.com

James H. Turken, Esq.
Rebecca Lawlor Calkins, Esq.
Neil P. Thakor, Esq.
Kelly L. Doyle, Esq.
NORTON ROSE FULBRIGHT US, LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
james.turken@nortonrosefulbright.com
rebecca.calkins@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
kelly.doyle.dahan@nortonrosefulbright.com

Re: ***CommonSpirit Health v. HealthTrust et al. (M.D. Tenn.)***
**Meet and Confer Conferences of May 12 and May 16, 2022**

Dear Counsel:

This letter follows up on our discussion of May 12 and 16, 2022, regarding the myriad of deficiencies in CommonSpirit's responses to our discovery requests, which we identified in our letter of May 2, 2022, and our draft section of the Rule 37.01 statement we provided to you on May 4, 2022. We discussed the following issues.

*"General Objections"*: We explained that the myriad of "General Objections" that CommonSpirit has asserted are improper.[1] However, you refused to withdraw any of these objections. Assuming

---

[1] *See, e.g., Jones v. Am. River Transp. Co.*, 2020 WL 7865326, at *5–6 (W.D. Tenn. June 17, 2020) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.") (internal citation omitted); *Kafele v. Javitch, Block, Eisen & Rathborne, LLP*, 2005 U.S. Dist. LEXIS 48484, at *6 (S.D. Ohio Apr. 4, 2005) ("The mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection"); *Morgan v. AMISUB (SFH), Inc.*, 2020 U.S. Dist. LEXIS 131330, at *12 (W.D. Tenn. July 24, 2020) (a party's general objections of requests' being "overbroad and unduly burdensome" violated the specificity requirement); *Nissan North Am., Inc. v. Johnson Elec. North Am.*, 2011 U.S. Dist. LEXIS 16006, at *2 (E.D. Mich. Feb. 17, 2011) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.").

## waller

Victor J. Domen Jr., Esq., et al.
May 19, 2022
Page 2

that any general objections continue to be asserted in your supplemental responses of June 3, we will need to promptly present that to the Court for resolution.

*Time Period:* Our position is that the parties previously agreed that January 1, 2019, was an appropriate start date for discovery. During the course of our discussion, it became clear that you had either missed or ignored the fact that we had expressly stated this in our discovery requests. We understand that you are no longer objecting on the ground that our requests are "untethered" as to time. We also explained our position that an appropriate end date for discovery searches would be the date of the filing of the complaint.

*Confidential Information*: Despite our two-tiered protective order, and without citing to any authority for doing so, CommonSpirit refuses to provide any information that it deems to be confidential or proprietary third-party information. This is not a valid objection.[2] You also took the position that you do not have to provide a log of any responsive documents withheld on the basis of this objection, and you refused to tell us whether CommonSpirit has given notice of our discovery requests to any such third-party and provided them with a copy of the Protective Order. We expect you to withdraw your "confidentiality" objection in your supplemental responses. If you do not, we will need to present that issue promptly to the Court for resolution.[3]

*Interrogatories:* CommonSpirit initially refused to answer eight of our nineteen interrogatories (Nos. 1, 2, 3, 10, 14, 16, 18, and 19). Over the course of our discussion, we understand that CommonSpirit has now agreed to answer Interrogatory Nos. 1, 2, 3, 10, 14, and 16, and that it will do so by June 3, 2022. We also discussed deficiencies with CommonSpirit's responses to Interrogatory Numbers 4, 5, 6, 8, 9, 11, 12, 13, 15, and 17. You committed to supplement those responses by June 3, 2022. As to both categories, we discussed that any answers that do not make it clear whether and to what an extent an objection is limiting the scope of the answer are not appropriate. *See* Fed. R. Civ. P. 33(b)(3)–(4). If any of these issues persist in your supplementation of June 3, we will need to present that issue promptly to the Court for resolution.

*Requests for Production:* CommonSpirit initially refused to search for and produce documents responsive to 23 of our 30 requests for production. Over the course of our discussion, we understand that CommonSpirit has now agreed to search for and produce documents responsive to Request Numbers 1, 2, 3, 4, 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 25, 26, 27, and 28, and that it will do so by June 3, 2022. We discussed at length that any responses that do not make it clear whether and to what an extent an objection is limiting the scope of the search or production

---

[2] *See, e.g.*, *Clark v. Phx. Homes, Inc.*, 2010 U.S. Dist. LEXIS 163559, at *17 (M.D. Tenn. July 23, 2010) ("[U]nder Fed. R. Civ. P. 26(b)(1), Plaintiffs 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. ...' *If the materials sought are not privileged, but are only confidential, they are discoverable under Rule 26(b)(1), subject to an appropriate Protective Order that will ensure their confidentiality of the materials.*") (emphasis added); *United States ex rel. Goodman*, 2020 U.S. Dist. LEXIS 262048, at *16 (M.D. Tenn. Sep. 21, 2020) (ordering a party to produce sensitive confidential documents in accordance with the terms of the "Protective Order entered by the Court ... and subject to all restrictions on use and sharing of the documents").

[3] We also need a clear answer on your position regarding Dignity Health and your confidentiality objection. On Thursday, you said that Dignity Health was a "third party." The following Monday, you took the position that Dignity Health and CommonSpirit are the same thing. If so, then the third-party confidentiality objection does not apply to Dignity Health.

are not appropriate. As but one example, a statement that you will produce "non-objectionable" documents does not identify what materials are being withheld as "objectionable" (or on what basis) and is inappropriate. *See* Fed. R. Civ. P. 34(b)(2). If CommonSpirit's supplemental responses contain similar objections or deficiencies, we will need to present that issue promptly to the Court for resolution.

*Requests for Admission:* CommonSpirit initially refused to answer eight of our twelve requests for admission. Over the course of our discussion, we understand that CommonSpirit has now agreed to admit or deny RFA Nos. 2, 3, 4, 5, 6, and 10 and that it will do so by June 3, 2022. We also discussed deficiencies with CommonSpirit's responses to RFA Nos. 1, 8, 11, and 12. You committed to supplement those responses by June 3, 2022. As to both categories, we discussed that any answers that do not make it clear whether and to what an extent an objection is limiting the scope of the answer is not appropriate. HealthTrust is entitled to clear admissions or denials—not admissions or denials "subject to" a host of objections that leave the record unclear what CommonSpirit is admitting or denying. *See* Fed. R. Civ. P. 36(a)(4). If any of these issues persist in your supplementation of June 3, we will need to present that issue promptly to the Court for resolution.

*Responses as to which CommonSpirit was still evaluating its position*: During our calls, you said that you would need to "think about" whether CommonSpirit would respond substantively to Interrogatory No. 9, Requests for Production Nos. 7, 9, 19, 20, and 21, and Requests for Admission Nos. 7 and 9. You agreed to let us know by this Friday whether CommonSpirit will be providing substantive responses, or whether it intends to stand on the objections asserted. For any of these requests as to which CommonSpirit will not provide a substantive response, we will need to present that issue promptly to the Court for resolution.

*Document Production*: Although we had agreed to extend the original deadline for discovery responses so that the parties' productions could be substantially completed by that time, CommonSpirit produced only thirty documents, including only five emails, all of which had been exchanged between the parties prior to the lawsuit. You provided no explanation for this. And you refused to produce any more documents prior to June 3. On that date, we expect to receive CommonSpirit's complete production to all of our requests, along with a privilege log identifying each document that you are withholding.

*HealthTrust's Responses to CommonSpirit's Requests*: We also discussed our responses to your discovery requests. On interrogatories, you asked for additional detail regarding the facts stated in response to HealthTrust Interrogatory Number 1 and HPG Interrogatory Number 1. We agreed to supplement our responses to those interrogatories by June 3. We also agreed to supplement our response to Interrogatory Number 2 to HealthTrust to identify additional names. (CommonSpirit agreed to do likewise regarding our interrogatories asking who was present at the supplier engagement meetings in February 2020 and who received Mr. DeLay's "Dear Supplier" letter.) As indicated in our interrogatory responses, we will also supplement to identify by bates number all nonprivileged communications responsive to HealthTrust Interrogatories Number 3 and 5 and HPG Interrogatory Number 3. That supplementation will include identification of any nonprivileged, non-written communications. All of these supplementations will be done by June 3. On our requests for production, we are not aware of any open issues: We substantially completed our production per the parties' prior agreement, producing 12,440 documents (well

# waller

over 90% of our responsive documents) by April 21, 2022. And we will produce any remaining documents and provide a complete privilege log by June 3.

\*       \*       \*

If you disagree with any of the foregoing, please advise promptly.


Very truly yours,

W. David Bridgers

cc:    Benjamin C. Block
       Alexis Caligiuri
       Elizabeth Boston Malloy