IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COMMONSPIRIT HEALTH, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:21-cv-00460 |
| HEALTHTRUST PURCHASING | ) |
| GROUP, L.P., and | ) |
| HPG ENTERPRISES, LLC, | ) |
| | ) |
| Defendants/Counterclaimants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE RESPONSE TO COMMONSPIRIT HEALTH'S MOTION FOR RESOLUTION OF DISCOVERY DISPUTE UNDER SEAL**

Defendants/Counterclaimants ("HealthTrust") have moved the Court to seal their recently-filed Response to Plaintiff/Counter-Defendant CommonSpirit Health's ("CommonSpirit") Motion for Resolution of Discovery Dispute pursuant to Local Rule 5.03, Local Rule 7.01, Section 5.07 of Administrative Order No. 167-1, Federal Rule of Civil Procedure 5.2, and the Agreed Protective Order governing this case (*see* ECF No. 49).

CommonSpirit has moved to seal its motion, including the supporting declaration, and has designated its privilege log as confidential. HealthTrust's Response necessarily discusses that motion, declaration, and CommonSpirit's privilege log. If those papers are sealed, then the Response should be sealed as well.

Pursuant to Local Rule 5.03(a), the following elements of the Response reference, discuss, quote from, or include information that (i) CommonSpirit designated as "confidential" or "highly confidential attorneys' eyes only," (ii) CommonSpirit has moved to file under seal, or (iii) this Court sealed by Order:

- Page 1, Paragraph 2, in which HealthTrust quotes CommonSpirit's portion of the Parties' Supplemental Discovery Dispute Statement of November 11th (ECF No. 89), which the Court ordered to be sealed (ECF No. 94);

- Page 1, Paragraph 2, in which HealthTrust discusses a document that CommonSpirit submitted *in camera* and designated as "highly confidential attorneys' eyes only";

- Page 2, Paragraph 2, in which HealthTrust references and discusses the Declaration of John Frye, which CommonSpirit filed under seal as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER DATED SEPTEMBER 13, 2021" (ECF No. 99);

- Page 2, Paragraph 2, in which HealthTrust references an argument raised by CommonSpirit in its Motion for Resolution of Discovery Dispute, which CommonSpirit filed under seal as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER DATED SEPTEMBER 13, 2021" (ECF No. 100);

- Page 3, Paragraph 1, in which HealthTrust quotes from and discusses an entry from CommonSpirit's privilege log, which CommonSpirit designated as "confidential";

- Page 3, Paragraph 2, in which HealthTrust quotes from and discusses an entry from CommonSpirit's privilege log, which CommonSpirit designated as "confidential"; and

- Page 3, Paragraph 3, in which HealthTrust directly quotes from and discusses an entry from CommonSpirit's privilege log, which CommonSpirit designated as "confidential."

These elements make up the bulk of the Response, warranting the sealing of the document in its entirety.[1]

---

[1] To the extent that the Court would prefer HealthTrust to redact the Response, HealthTrust will do so promptly.

The Protective Order governing this litigation provides that any party intending to file materials "designated as 'Confidential' or 'Attorney's Eyes Only' with a court or to disclose in a court filing information designated as 'Confidential' or 'Attorney's Eyes Only,' the party shall take all steps required by that particular Court *to file the materials or filing under seal*." (*See* ECF No. 49, at 9) (emphasis added). By means of CommonSpirit's confidentiality designations and its filing the Motion for Resolution of Discovery Dispute and the Declaration of John Frye under seal, HealthTrust's Response contains information that is protected by the Protective Order.

## CONCLUSION

In light of CommonSpirit's confidentiality designations, HealthTrust is required under the Protective Order to file its Response to CommonSpirit's Motion under seal. HealthTrust respectfully requests that the Court exercise its discretion—pursuant to Federal Rule of Civil Procedure 26(c) and the principles set forth in *Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Brown & Williamson v. FTC*, 710 F.2d 1165 (6th Cir. 1983)—and place under seal the Response, if the Court places under seal CommonSpirit's motion and the supporting declaration.

Respectfully submitted,

*/s/ W. David Bridgers*
W. David Bridgers, TN BPR #016603
Elizabeth Boston Malloy, TN BPR #038669
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

Telephone (615) 244-6380
David.Bridgers@wallerlaw.com
Elizabeth.Malloy@wallerlaw.com

Benjamin C. Block (*pro hac vice*)
Paige Jennings (*pro hac vice*)
Alexis Caligiuri (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
bblock@cov.com
pjennings@cov.com
acaligiuri@cov.com

*Counsel for Defendants/Counterclaimants*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 7, 2022, a true and accurate copy of the foregoing has been served by the Court's electronic filing system on the following:

Victor J. Domen, Jr.
NORTON ROSE FULBRIGHT US, LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0200
vic.domen@nortonrosefulbright.com

James H. Turken
Rebecca Lawlor Calkins
Neil P. Thakor
Kelly L. Doyle
NORTON ROSE FULBRIGHT US, LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
james.turken@nortonrosefulbright.com
rebecca.calkins@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
kelly.doyle.dahan@nortonrosefulbright.com

*Attorneys for CommonSpirit Health*

/s/ W. David Bridgers